GastoN, Judge.
On an issue of devisavit vel Non J - . ed between the devisee and the heirs at law, the executor, who was one of the subscribing witnesses, was introduced by the devisee, and his testimony objected to by the heir at law as inadmissible, because of alleged interest. We do not see any foundation for this objection.
*198 June 1839
it was then objected by the heirs at law that at the time w^en' ^Ie aUegec* devise was made, viz. 31st March, 1838, there was no law in this State authorising a devise of lands. Legislature, by an act passed on the 22d January 1837, (see 1 Rev. Stat. ch. 1, sec. 1 and 2,) enacted that the several acts passed at that session, known as “ the Revised Statutes,” among which is an act (ch. 122,) “concerning last wills and testaments,” should take eifect and go into operation on the 1st day of January thereafter, and that from and after that ■day, all acts of the General Assembly theretofore enacted, the subjects whereof were revised in the said “ Revised Statutes,” and all the statutes of England theretofore in use in this State, should be repealed, and of. no force and effect. To this general enactment there were certain exceptions not material to the question before us.
The objection we are considering, is founded upon the position, that as devises of lands did not exist at common law, and, as all the statutes and acts authorising devises of land, passed before the 22d Jan. 1837, were repealed and of no force from and after the 1st January, 1838; and as the act concerning last wills which went into operation on the 1st January, 1838, was then the only law on the subject of devises, that law did not authorise such a devise. Without undertaking to lay down the rule which it may be proper to observe, where the Revised Statutes imply the existence of legal principles and rules introduced by statutes thus repealed, we have no difficulty in disposing of this objection. The act concerning last wills and testaments, after prescribing the formalities to be observed in wills of lands (section 1,) declares that “then, and in that case,” that is to say, when these forms are observed, “such will shall be good and sufficient in law to give and convey a good and sufficient estate in. lands, tenements and hereditaments.”
No error is shewn in the judgment below and it must be affirmed with costs.
Per Curiam. Judgment affirmed.